Nationstar Mtge., LLC v Matles (2020 NY Slip Op 03793)





Nationstar Mtge., LLC v Matles


2020 NY Slip Op 03793


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
JEFFREY A. COHEN, JJ.


2017-10301 
2017-10302
 (Index No. 2074/11)

[*1]Nationstar Mortgage, LLC, respondent,
v
Stella M. Matles, etc., appellant, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
McCalla Raymer Leibert Pierce LLC, New York, NY (Harold L. Kofman of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Stella M. Matles appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered July 31, 2017, and (2) an order of the same court entered August 1, 2017. The order entered July 31, 2017, insofar as appealed from, upon renewal, in effect, vacated a prior determination in an order of the same court entered November 14, 2016, denying those branches of the motion of Aurora Loan Services, LLC, the plaintiff's predecessor in interest, which were for summary judgment on the complaint insofar as asserted against that defendant, to strike her answer, and for an order of reference, and thereupon granted those branches of that motion, and denied that defendant's cross motion, in effect, for summary judgment dismissing the complaint insofar as asserted against her based on the failure of Aurora Loan Services, LLC, to comply with the notice requirement of RPAPL 1304 and 1306. The order entered August 1, 2017, insofar as appealed from, upon renewal, in effect, vacated the prior determination in the order entered November 14, 2016, denying those branches of the motion of Aurora Loan Services, LLC, the plaintiff's predecessor in interest, which were for summary judgment on the complaint insofar as asserted against the defendant Stella M Matles, to strike her answer, and for an order of reference, and thereupon granted those branches of that motion, denied that defendant's cross motion, in effect, for summary judgment dismissing the complaint insofar as asserted against her based on the failure of Aurora Loan Services, LLC, to comply with the notice requirement of RPAPL 1304 and 1306, and appointed a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the appeal from the order entered July 31, 2017, is dismissed, without costs or disbursements, as the portions of the order appealed from were superseded by the order entered August 1, 2017; and it is further,
ORDERED that the order entered August 1, 2017, is modified, on the law, without costs or disbursements, (1) by deleting the provision thereof, upon renewal, in effect, vacating the prior determination in the order entered November 14, 2016, denying those branches of the motion of Aurora Loan Services, LLC, which were for summary judgment on the complaint insofar as asserted against the defendant Stella M. Matles, to strike her answer, and for an order of reference, [*2]and thereupon granting those branches of that motion, and substituting therefor a provision, upon renewal, adhering to the prior determination, and (2) by deleting the provision thereof appointing a referee to ascertain and compute the amount due to the plaintiff; as so modified, the order entered August 1, 2017, is affirmed insofar as appealed from, and the order entered July 31, 2017, is modified accordingly.
In February 2011, Aurora Loan Services, LLC (hereinafter Aurora), commenced this action against the defendant Stella M. Matles (hereinafter the defendant), among others, to foreclose a consolidated mortgage on residential property in Nassau County. In an answer, the defendant, inter alia, generally denied the allegations in the complaint and asserted lack of standing as an affirmative defense. By assignment of mortgage dated April 18, 2016, Aurora assigned the mortgage to its loan servicer, Nationstar Mortgage LLC (hereinafter Nationstar). In June 2016, Aurora moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The defendant opposed Aurora's motion, and cross-moved, in effect, for summary judgment dismissing the complaint insofar as asserted against her based on Aurora's failure to comply with the notice requirements of RPAPL 1304 and 1306. In an order entered November 14, 2016, the Supreme Court denied the motion and the cross motion, with leave to renew. The court determined, inter alia, that Aurora failed to submit proof of compliance with RPAPL 1306.
Aurora subsequently moved for leave to renew its prior motion, inter alia, for summary judgment, and, in support thereof, submitted a proof of filing statement pursuant to RPAPL 1306 from the New York State Banking Department. The defendant opposed the motion and cross-moved, in effect, for summary judgment dismissing the complaint insofar as asserted against her based on Aurora's failure to comply with the notice requirements of RPAPL1304 and 1306. By order entered July 31, 2017, the Supreme Court, inter alia, upon renewal, granted those branches of Aurora's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference, and denied the defendant's cross motion. The court concluded that Aurora established, prima facie, its entitlement to judgment as a matter of law "by demonstrating possession of the note, compliance with RPAPL 1304 and filing of notices pursuant to [RPAPL] 1306 . . . and defendant's default," and that, in opposition, the defendant failed to raise a triable issue of fact. Thereafter, in an order entered August 1, 2017, the court, inter alia, appointed a referee to ascertain and compute the amount due, and amended the caption to substitute Nationstar as the plaintiff in place of Aurora. The defendant appeals from both orders.
"In a residential foreclosure action, a plaintiff moving for summary judgment must tender sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304" (HSBC Bank USA, N.A. v Bermudez, 175 AD3d 667, 669 [internal quotation marks omitted]). RPAPL 1304(1) provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "The statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see RPAPL 1304[2]). Strict compliance with RPAPL 1304 notice to the borrower is a condition precedent to the commencement of a foreclosure action (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20; Citimortgage, Inc. v Banks, 155 AD3d 936, 936-937; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 825-826; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 103). "By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing, which can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21 [internal quotation marks omitted]; see Bank of Am., N.A. v Bittle, 168 AD3d 656, 658).
"A defense based on noncompliance with RPAPL 1304 may be raised at any time during the action" (Wells Fargo Bank, N.A. v Morales, 178 AD3d 881, 882; see Bank of N.Y. Mellon v Weber, 169 AD3d 981, 985; Flagstar Bank, FSB v Jambelli, 140 AD3d 829, 830; U.S. Bank N.A. v Carey, 137 AD3d 894, 896). Here, in its complaint, Aurora alleged compliance with the notice requirement of RPAPL 1304, and presented evidence of its compliance with the statute on its motion, inter alia, for summary judgment. The defendant interposed an answer denying the allegations in the complaint regarding compliance with RPAPL 1304, and asserted noncompliance with that statute in opposition to Aurora's motion and in its original cross motion, in effect, for summary judgment dismissing the complaint insofar as asserted against her. Thus, contrary to Nationstar's contention, the defendant did not "waive[ ]" the affirmative defense of failure to comply with RPAPL 1304 by failing to raise it in her answer (see JPMorgan Chase Bank, N.A. v Akanda, 177 AD3d 718, 720).
Turning to the merits, the Supreme Court erred in determining that Aurora established, prima facie, its strict compliance with RPAPL 1304. In support of its motions, Aurora submitted the affidavit of Jerrell Menyweather, a document execution specialist employed by Nationstar, along with a copy of a 90-day notice addressed to the defendant, and a proof of filing statement pursuant to RPAPL 1306 from the New York State Banking Department. Although Menyweather stated in the affidavit that the RPAPL notices were sent to the defendant at her last known address and the subject property, Menyweather did not have personal knowledge of the mailing, and Aurora failed to provide any documents to prove that the notices were actually mailed (see Nationstar Mtge., LLC v Jean-Baptiste, 178 AD3d 883; JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1518). Aurora also failed to submit a copy of any United States Post Office document indicating that the notices were sent by registered or certified mail as required by the statute (see HSBC Bank USA, N.A. v Sawh, 177 AD3d 959, 961). Furthermore, Menyweather did not aver that he was familiar with Aurora's mailing practices and procedures, and therefore did not establish proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed (see HSBC Bank USA, N.A. v Sawh, 177 AD3d at 961; Bank of Am., N.A. v Wheatley, 158 AD3d 736, 738).
Accordingly, upon renewal, the Supreme Court should have adhered to the prior determination denying those branches of Aurora's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Nevertheless, contrary to the defendant's contention, she was not entitled to summary judgment dismissing the complaint insofar as asserted against her on the ground that Aurora failed to comply with the notice requirements of RPAPL 1304, since she failed to present sufficient evidence to demonstrate, prima facie, that the condition precedent was not fulfilled (see Wells Fargo Bank, N.A. v Moran, 168 AD3d 1128, 1130). The defendant's bare denial of receipt of the RPAPL 1304 notice was insufficient to establish her prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against her (see US Bank N.A. v Bochicchio, 179 AD3d 1133; Deutsche Bank Natl. Trust Co. v Mendick, 179 AD3d 774; Citibank, N.A. v Conti-Scheurer, 172 AD3d at 24). The defendant also failed to demonstrate, prima facie, that Aurora did not comply with RPAPL 1306 (see U.S. Bank, N.A. v Nathan, 173 AD3d 1112, 1114), and simply pointed to claimed deficiencies in Aurora's evidence (see Deutsche Bank Natl. Trust Co. v Starr, 173 AD3d 836, 838). Accordingly, we agree with the Supreme Court's determination, upon renewal, to deny the defendant's cross motion, in effect, for summary judgment dismissing the complaint insofar as asserted against her based on Aurora's failure to comply with the notice requirement of RPAPL 1304 and 1306.
The defendant's remaining contentions need not be reached in light of our determination.
SCHEINKMAN, P.J., RIVERA, ROMAN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court