Deutsche Bank Natl. Trust Co. v Smith (2021 NY Slip Op 08167)





Deutsche Bank Natl. Trust Co. v Smith


2021 NY Slip Op 08167


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-05325
 (Index No. 64029/12)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Alice J. Smith, etc., et al., defendants.


McCabe, Weisberg & Conway, LLC, New Rochelle, NY (Kenneth Britt of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Westchester County (Kathie E. Davidson, J.), dated January 8, 2019. The order denied the plaintiff's motion pursuant to CPLR 5015 to vacate an order of the same court (Alan D. Scheinkman, J.) dated October 2, 2017, directing dismissal of the complaint pursuant to CPLR 3216, and to restore the action to the calendar.
ORDERED that the order dated January 8, 2019, is reversed, on the law, without costs or disbursements, the plaintiff's motion to vacate the order dated October 2, 2017, directing dismissal of the complaint pursuant to CPLR 3216, and to restore the action to the calendar is granted, and the order dated October 2, 2017, is vacated.
In August 2012, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Alice J. Smith (hereinafter the defendant), who was the sole borrower and owner of the mortgaged premises. The defendant answered the complaint. Thereafter, on April 10, 2013, the defendant died. No substitution was made for her.
On June 21, 2017, the Supreme Court served the plaintiff with a written demand directing it to resume prosecution of the action and to serve and file a note of issue and certificate of readiness within 90 days of receipt of the demand. After the plaintiff failed to comply, in an order dated October 2, 2017, the court, on its own motion, directed dismissal of the complaint pursuant to CPLR 3216. The plaintiff thereafter moved pursuant to CPLR 5015 to vacate the order dated October 2, 2017, and to restore the action to the calendar. In an order dated January 8, 2019, the court denied the plaintiff's motion. The plaintiff appeals.
The plaintiff argues that the defendant's death had the effect of staying the action, rendering any orders issued prior to the defendant's substitution, nullities. Although this argument is raised for the first time on appeal, we can consider it since it is an issue of law that appears on the face of the record and could not have been avoided if it had been raised at the proper juncture (see Matter of Fischer v Chabbott, 178 AD3d 923, 925; Matter of Ralph, 274 AD2d 965, 965).
"The death of a party divests the court of jurisdiction and stays the proceedings until a proper substitution has been made pursuant to CPLR 1015(a)" (Vapnersh v Tabak, 131 AD3d 472, 473 [internal quotation marks omitted]; see Lambert v Estren, 126 AD3d 942, 943; Neuman v [*2]Neumann, 85 AD3d 1138, 1139). "[A]ny determination rendered without such a substitution is generally deemed a nullity" (Stancu v Cheon Hyang Oh, 74 AD3d 1322, 1323; see Danzig Fishman & Decea v Morgan, 123 AD3d 968, 968-969). Here, the defendant's death triggered a stay of all proceedings in the action pending substitution of a legal representative (see Danzig Fishman & Decea v Morgan, 123 AD3d at 968; Stancu v Cheon Hyang Oh, 74 AD3d at 1323). As a result, the Supreme Court should not have directed dismissal of the action pursuant to CPLR 3216, as the order was issued after the defendant's death and before the substitution of a legal representative (see Medlock v Dr. William O. Benenson Rehabilitation Pavilion, 167 AD3d 994, 996; Reed v Grossi, 59 AD3d 509, 509-510; Meehan v Washington, 242 AD2d 286). Accordingly, the court should have granted the plaintiff's motion pursuant to CPLR 5015 to vacate the order dated October 2, 2017, and to restore the action to the calendar.
In light of our determination, we need not reach the plaintiff's remaining contention.
RIVERA, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court