HSBC Bank USA, N.A. v Causeman (2021 NY Slip Op 01967)





HSBC Bank USA, N.A. v Causeman


2021 NY Slip Op 01967


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-13923
2018-13925
 (Index No. 9729/14)

[*1]HSBC Bank USA, N.A., etc., respondent,
v
Donna Causeman, appellant, et al., defendants.


R. David Marquez, P.C., Mineola, NY, for appellant.
Hinshaw & Culbertson, LLP, New York, NY (Matthew Ferlazzo and Schuyler B. Kraus of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Donna Causeman appeals from two orders of the Supreme Court, Nassau County (Thomas A. Adams, J.), both entered August 28, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike her answer, including her affirmative defense alleging a failure to comply with RPAPL 1304, and for an order of reference, and denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against her for failure to comply with RPAPL 1304. The second order, insofar as appealed from, granted the same relief to the plaintiff and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the first order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Donna Causeman, to strike that defendant's answer, including her affirmative defense alleging a failure to comply with RPAPL 1304, and for an order of reference, and substituting therefor provisions denying those branches of the motion; as so modified, the first order is affirmed insofar as appealed from, and so much of the second order as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Donna Causeman, to strike her answer, including her affirmative defense alleging a failure to comply with RPAPL 1304, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff, is vacated; and it is further,
ORDERED that the appeal from the second order is dismissed as academic in light of our determination on the appeal from the first order; and it is further,
ORDERED that one bill of costs is awarded to the defendant Donna Causeman.
In October 2014, the plaintiff commenced this action against the defendant Donna Causeman (hereinafter the defendant), and others, to foreclose a mortgage on the defendant's home in Levittown. The defendant joined issue, asserting various affirmative defenses, including one alleging a failure to comply with RPAPL 1304. In March 2018, the plaintiff moved, inter alia, for [*2]summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, including her affirmative defense alleging a failure to comply with RPAPL 1304, and for an order of reference. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against her for failure to comply with RPAPL 1304. In two orders, both entered August 28, 2018, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, including her affirmative defense alleging a failure to comply with RPAPL 1304, and for an order of reference, and denied the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against her for failure to comply with RPAPL 1304. The defendant appeals.
Contrary to the plaintiff's contention, the evidence submitted in support of its motion for summary judgment was insufficient to establish, prima facie, that the requirements of RPAPL 1304 were strictly complied with (see generally Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21). Therefore, the branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, including her affirmative defense alleging a failure to comply with RPAPL 1304, and for an order of reference, should have been denied regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendant's remaining contention is without merit (see Nationstar Mtge., LLC v Matles, 185 AD3d 703, 707; Citibank, N.A. v Conti-Scheurer, 172 AD3d at 23-24).
CHAMBERS, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court