HSBC Bank USA, N.A. v Cardona (2021 NY Slip Op 02138)





HSBC Bank USA, N.A. v Cardona


2021 NY Slip Op 02138


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2017-04588
 (Index No. 15207/13)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Rafael M. Cardona, etc., appellant, et al., defendants.


Rafael Cardona, sued herein as Rafael M. Cardona, Jackson Heights, NY, appellant pro se.
Reed Smith LLP, New York, NY (Andrew B. Messite and Kerren B. Zinner of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Rafael M. Cardona appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Robert J. McDonald, J.), entered January 20, 2017. The order and judgment of foreclosure and sale, upon an order of the same court dated May 22, 2015, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer, and to appoint a referee to compute the amount due to the plaintiff, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Rafael M. Cardona, to strike that defendant's answer, and to appoint a referee to compute the amount due to the plaintiff are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the order dated May 22, 2015, is modified accordingly.
In August 2013, the plaintiff commenced this action against the defendant Rafael M. Cardona (hereinafter the defendant), among others, to foreclose a mortgage on residential property located in Queens County. After issue was joined, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. The defendant opposed the motion, asserting, among other things, that the plaintiff failed to comply with the notice requirements of RPAPL 1304. In an order dated May 22, 2015, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and to appoint a referee to compute the amount due to the plaintiff. In an order and judgment of foreclosure and sale entered January 20, 2017, the court, among other things, confirmed the referee's report and directed the sale of the subject property. The defendant appeals.
"In a residential foreclosure action, a plaintiff moving for summary judgment must [*2]tender sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304" (HSBC Bank USA, N.A. v Bermudez, 175 AD3d 667, 669 [internal quotation marks omitted]). RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "The statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see RPAPL 1304[2]).
Strict compliance with RPAPL 1304 notice to the borrower is a condition precedent to the commencement of a foreclosure action (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20). "By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing, which can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure"(id. at 20-21 [internal quotation marks omitted]; see Nationstar Mtge., LLC v Matles, 185 AD3d 703, 705-706). "A defense based on noncompliance with RPAPL 1304 may be raised at any time during the action" (Wells Fargo Bank, N.A. v Morales, 178 AD3d 881, 882; see Nationstar Mtge., LLC v Matles, 185 AD3d at 706).
Here, the plaintiff failed to establish, prima facie, its strict compliance with RPAPL 1304. In support of its motion, the plaintiff submitted the affidavit of Mahilet Ayalew, a vice president of loan documentation of Wells Fargo Bank, N.A., the plaintiff's servicer. Ayalew stated in the affidavit that 90-day notices were sent to the defendant on February 1, 2013, by regular and certified mail "in full compliance" with RPAPL 1304. The plaintiff additionally submitted copies of 90-day notices and indicia of mailing by certified mail, but not first-class mail. Ayalew's affidavit was insufficient to establish that the notices were actually mailed since Ayalew did not aver that she had personal knowledge of the mailing or that she was familiar with the servicer's standard office mailing practices and procedures (see Nationstar Mtge., LLC v Matles, 185 AD3d at 706; M & T Bank v Biordi, 176 AD3d 1194, 1196).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendant's remaining contentions are without merit.
RIVERA, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court