Deutsche Bank Natl. Trust Co. v Bancic (2022 NY Slip Op 02112)





Deutsche Bank Natl. Trust Co. v Bancic


2022 NY Slip Op 02112


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
WILLIAM G. FORD, JJ.


2018-06653
2018-06654
 (Index No. 7291/13)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Angelo Bancic, appellant, et al., defendants.


Charles Wallshein, Melville, NY, for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Kenneth Flickinger of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Angelo Bancic appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered April 3, 2018, and (2) a judgment of foreclosure and sale of the same court, also entered April 3, 2018. The order, insofar as appealed from, granted the plaintiff's motion, in effect, to confirm a referee's report and for a judgment of foreclosure and sale, and, in effect, denied the cross motion of the defendant Angelo Bancic for summary judgment dismissing the complaint insofar as asserted against him for failure to comply with RPAPL 1304(2). The judgment of foreclosure and sale, upon an order of the same court dated May 3, 2016, granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Angelo Bancic, to strike his affirmative defenses and counterclaims, and for an order of reference, upon an order of the same court dated August 5, 2016, granting that same relief to the plaintiff and appointing a referee to ascertain and compute the amount due to the plaintiff, and upon the order entered April 3, 2018, among other things, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeal from the order entered April 3, 2018, is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Angelo Bancic, to strike his affirmative defenses and counterclaims, and for an order of reference are denied, the plaintiff's motion, in effect, to confirm the referee's report and for a judgment of foreclosure and sale is denied, the cross motion of the defendant Angelo Bancic for summary judgment dismissing the complaint insofar as asserted against him for failure to comply with RPAPL 1304(2) is granted, and the orders dated May 3, 2016, and August 5, 2016, and the order entered April 3, 2018, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Angelo Bancic.
The appeal from the order entered April 3, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale (see [*2]Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In September 2006, the defendant Angelo Bancic (hereinafter the defendant) executed a note in the sum of $499,344 in favor of First Financial Equities, Inc., A New York Corporation. The note was secured by a mortgage on residential property in Merrick. The mortgage was later assigned to the plaintiff.
On June 17, 2013, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The defendant interposed an answer with counterclaims, dated July 16, 2013, and the plaintiff served a reply to the counterclaims. In or about November 2015, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his affirmative defenses and counterclaims, and for an order of reference. In support of its motion, the plaintiff submitted, among other things, copies of the 90-day notices purportedly mailed to the defendant. The defendant opposed the motion, arguing, inter alia, that the plaintiff failed to prove that it mailed him 90-day notices prior to the commencement of the action, in accordance with RPAPL 1304. In an order dated May 3, 2016, the Supreme Court granted the plaintiff's motion. In an order dated August 5, 2016, the court granted that same relief to the plaintiff and referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
In November 2017, the plaintiff moved, in effect, to confirm the referee's report and for a judgment of foreclosure and sale. The defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against him for failure to comply with RPAPL 1304(2). In a supporting affidavit, the defendant acknowledged that he received RPAPL 1304 notices from the plaintiff but averred that the notices did not comply with RPAPL 1304(2) because they contained additional language "concerning servicemembers notices and bankruptcy notices." The defendant submitted, among other things, copies of the RPAPL 1304 notices he received. In an order entered April 3, 2018, the Supreme Court granted the plaintiff's motion and, in effect, denied the defendant's cross motion. Also on April 3, 2018, the court entered a judgment of foreclosure and sale which, among other things, confirmed the referee's report and directed the sale of the subject property. The defendant appeals.
RPAPL 1304 requires that, at least 90 days before a lender, an assignee, or a mortgage loan servicer commences an action to foreclose the mortgage on a home loan as defined in the statute, such lender, assignee, or mortgage loan servicer give notice to the borrower. The statute provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see id. § 1304[2]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see Bank of N.Y. Mellon v Porfert, 187 AD3d 1110, 1112; Citimortgage, Inc. v Banks, 155 AD3d 936, 936-937), "and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106).
Contrary to the plaintiff's contention, this Court is not bound by the doctrine of law of the case by a prior determination of the Supreme Court, and thus the Supreme Court's rejection of the defendant's contention that the plaintiff failed to comply with RPAPL 1304, made in opposition to the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, does not preclude our review of that contention (see CitiMortgage, Inc. v Goldstein, 187 AD3d 841, 843). Moreover, although the plaintiff correctly notes that, in opposition to its motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, the defendant did not contend that the notices he received did not comply with RPAPL 1304(2), the defendant's contention that the notices did not comply with RPAPL 1304(2) "involves a question of law that appears on the face of the record, and if brought to the attention of the Supreme Court could not have been avoided," and thus may be reviewed here (Deutsche Bank Natl. Tr. Co. v Rivera, 200 AD3d 1006, 1008; see Deutsche Bank Natl. Tr. Co. v Smith,191 AD3d 950). Moreover, "'[a] defense based on noncompliance with RPAPL 1304 may be raised at any time during the action'" (HSBC Bank USA, N.A. v Cardona, 193 AD3d 696, 698, quoting Wells Fargo [*3]Bank, N.A. v Morales, 178 AD3d 881, 882).
Here, to the extent that the plaintiff's inclusion of additional notices and verbiage referencing bankruptcy and the rights of military servicemembers did not strictly adhere to the notice requirements of RPAPL 1304(2), the plaintiff failed to establish its entitlement to judgment as a matter of law on the complaint insofar as asserted against the defendant and the defendant established his entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him (see Bank of Am., N.A. v Kessler, 202 AD3d 10, 19; Wells Fargo Bank, N.A. v DeFeo, 200 AD3d 1105; Citimortgage, Inc. v Dente, 200 AD3d 1025). Accordingly, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his affirmative defenses and counterclaims, and for an order of reference must be denied, the plaintiff's motion, in effect, to confirm the referee's report and for a judgment of foreclosure and sale must be denied, and the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him must be granted.
The parties' remaining contentions need not be reached in light of our determination.
BARROS, J.P., RIVERA, WOOTEN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court