CitiMortgage, Inc. v Clement (2022 NY Slip Op 05987)

CitiMortgage, Inc. v Clement

2022 NY Slip Op 05987

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
JANICE A. TAYLOR, JJ.

2019-11854
 (Index No. 33152/07)

[*1]CitiMortgage, Inc., respondent, 
v
Eugene Clement, et al., defendants; Toiny, LLC, etc., nonparty-appellant.

Hasbani & Light, P.C., New York, NY (Seth D. Weinberg of counsel), for nonparty-appellant.
J. Robbin Law PLLC, Armonk, NY (Jacquelyn A. DiCicco and Jonathan M. Robbin of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty Toiny, LLC, appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated August 1, 2019. The order, insofar as appealed from, granted that branch of the plaintiff's cross motion which was to vacate an order of the same court dated February 18, 2014, directing dismissal of the complaint upon the plaintiff's failure to appear at a status conference.
ORDERED that the order dated August 1, 2019, is affirmed insofar as appealed from, with costs.
In 2007, the plaintiff commenced this action to foreclose a mortgage on certain real property against, among others, the defendant Eugene Clement, who was the sole borrower. In 2011, Clement died. Before substitution of a legal representative for Clement, in an order dated February 18, 2014, the Supreme Court directed dismissal of the complaint pursuant to 22 NYCRR 202.27 based upon the plaintiff's failure to appear at a status conference.
The plaintiff subsequently cross-moved, inter alia, to vacate the order dated February 18, 2014. Nonparty Toiny, LLC (hereinafter Toiny), an alleged successor in interest of a defendant that held a subordinate mortgage on the property, opposed the cross motion. In an order dated August 1, 2019, the Supreme Court, inter alia, granted that branch of the plaintiff's cross motion. Toiny appeals.
"The death of a party divests the court of jurisdiction and stays the proceedings until a proper substitution has been made pursuant to CPLR 1015(a)" (Deutsche Bank Natl. Trust Co. v Smith, 191 AD3d 950, 951 [internal quotation marks omitted]; see JPMorgan Chase Bank, N.A. v Rosemberg, 90 AD3d 713, 714). "[A]ny determination rendered without such a substitution is generally deemed a nullity" (Stancu v Cheon Hyang Oh, 74 AD3d 1322, 1323; see Deutsche Bank Natl. Trust Co. v Smith, 191 AD3d at 951).
Here, Clement's death triggered a stay of all proceedings in the action pending substitution of a legal representative (see Deutsche Bank Natl. Trust Co. v Smith, 191 AD3d at 951). [*2]As a result, the Supreme Court should not have directed dismissal of the action pursuant to 22 NYCRR 202.27 after Clement's death and before the substitution of a legal representative. Accordingly, the court properly granted that branch of the plaintiff's cross motion which was to vacate the order dated February 18, 2014.
The parties' remaining contentions either are without merit, are not properly before this Court, or need not be reached in light of our determination.
IANNACCI, J.P., RIVERA, ZAYAS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court