Board of Mgrs. of the 442 St. Marks Ave. Condominium v Milord (2023 NY Slip Op 00296)

Board of Mgrs. of the 442 St. Marks Ave. Condominium v Milord

2023 NY Slip Op 00296

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2019-13565
 (Index No. 505471/14)

[*1]Board of Managers of the 442 St. Marks Avenue Condominium, respondent, 
v
Marc C. Milord, et al., defendants, 442 Marks Ave 123, LLC, intervenor-appellant.

Altman Schochet LLP, New York, NY (Irena Shternfeld of counsel), for intervenor-appellant.
Baltzis Daigle LLP, New York, NY (Konstantinos G. Baltzis of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a lien upon a condominium unit for nonpayment of common charges, the intervenor, 442 Marks Ave 123, LLC, appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated November 8, 2019. The order, insofar as appealed from, denied that branch of the intervenor's motion which was to direct a referee to return a down payment to the intervenor, and granted that branch of the plaintiff's cross motion which was, in effect, to direct the referee to release the down payment to the plaintiff.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, that branch of the intervenor's motion which was to direct a referee to return the down payment to the intervenor is granted, and that branch of the plaintiff's cross motion which was, in effect, to direct the referee to release the down payment to the plaintiff is denied.
On or about June 7, 2006, the defendant Marc C. Milord executed a note in the principal sum of $308,000, which was secured by a mortgage (hereinafter the senior mortgage) on a residential condominium unit located in Brooklyn (hereinafter the subject property). Thereafter, the plaintiff, the Board of Managers of the 442 St. Marks Avenue Condominium, recorded a lien on the subject property for unpaid common charges, late charges, assessments, and legal fees in the amount of $50,874.44. On June 16, 2014, the plaintiff commenced this action to foreclose the lien. Thereafter, the Supreme Court entered a judgment of foreclosure and sale, inter alia, awarding the plaintiff the principal sum of $88,225.09, and directing the sale of the subject property at auction.
A judicial auction was held on October 11, 2018, and the intervenor, 442 Marks Ave 123, LLC, placed the winning bid of $490,000 and tendered the sum of $49,000 as a down payment to the referee. Thereafter, the intervenor conducted a title search on the subject property, which revealed, among other things, the existence of the senior mortgage held by nonparty Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-HE7 Mortgage Pass-Through Certificates, Series 2006-HE7 (hereinafter Deutsche Bank).
On or about April 17, 2019, the intervenor moved, by order to show cause, inter alia, to vacate the October 11, 2018 sale of the subject property, and to direct the referee to return the $49,000 down payment to it. The intervenor argued, in substance, that the failure by the referee or the plaintiff's counsel to reveal the senior mortgage on the subject property prior to the sale violated principles of equity in addition to the Auction Rules of Kings County. The plaintiff opposed the motion and cross-moved, among other things, in effect, to direct the referee to release the down payment to it. By order dated November 8, 2019, the Supreme Court, inter alia, granted that branch of the intervenor's motion which was to set aside the sale of the subject property, denied that branch which was to direct the referee to return the down payment to the intervenor, and granted that branch of the plaintiff's cross motion which was, in effect, to direct the referee to release the down payment to the plaintiff. The intervenor appeals from so much of the order as denied that branch of its motion which was to direct the referee to return the down payment to it, and granted that branch of the plaintiff's cross motion which was, in effect, to direct the referee to release the down payment to the plaintiff.
"[A] court has the discretion to set aside a judicial sale where fraud, collusion, mistake, or misconduct casts suspicion on the fairness of the sale" (SRP 2012-4, LLC v Darkwah, 198 AD3d 938, 939 [internal quotation marks omitted]; see Bank of N.Y. Trust Co. v Gonzalez-Salinas, 89 AD3d 779, 779; Dime Sav. Bank of N.Y. v Zapala, 255 AD2d 547, 548). "A court may exercise its inherent equitable power over a sale made pursuant to its judgment or decree to ensure that it is not made the instrument of injustice" (SRP 2012-4, LLC v Darkwah, 198 AD3d at 939 [internal quotation marks omitted]; see Northern Blvd Corona, LLC v Northern Blvd Prop., LLC, 157 AD3d 895, 896).
By setting aside the subject sale, the Supreme Court, in effect, determined that the plaintiff's failure to disclose the senior mortgage held by Deutsche Bank cast "suspicion on the fairness of the sale" (SRP 2012-4, LLC v Darkwah, 198 AD3d at 939 [internal quotation marks omitted]; see RPAPL 231[4]; Kings County Supreme Court Uniform Civil Term Rules, Part H, Foreclosure Auction Rules). Given that determination, the court also should have granted that branch of the intervenor's motion which was to direct the referee to return its down payment, and should have denied that branch of the plaintiff's cross motion which was, in effect, to direct the referee to release the down payment to the plaintiff, since the intervenor had a "lawful excuse" for refusing to perform the contract (Cipriano v Glen Cove Lodge #1458, B.P.O.E., 1 NY3d 53, 62-63; see Maxton Bldrs. v Lo Galbo, 68 NY2d 373, 378).
The plaintiff's contention that the intervenor's belief that it had purchased the property free from the senior mortgage was the result of the intervenor's own unilateral mistake is without merit, as the record shows that the plaintiff failed to disclose the existence of the senior mortgage in the complaint, the judgment of foreclosure of sale, or the terms of sale (see SRP 2012-4, LLC v Darkwah, 198 AD3d at 939-940). Likewise, the plaintiff's claim that the intervenor failed to exercise due diligence is without merit since, inter alia, "'[t]he rule that a buyer must protect himself [or herself] against undisclosed defects does not apply in all strictness to a purchaser at a judicial sale'" (id. at 940, quoting Lane v Chantilly Corp., 251 NY 435, 438). A sale of property "'in the haste and confusion of an auction room is not governed by the strict rules applicable to formal contracts made with deliberation after ample opportunity to investigate and inquire'" (SRP 2012-4, LLC v Darkwah, 198 AD3d at 940, quoting Sohns v Beavis, 200 NY 268, 271-272).
In light of the foregoing, we need not reach the intervenor's remaining contentions.
BARROS, J.P., ZAYAS, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court