Nationstar Mtge., LLC v Persaud (2024 NY Slip Op 04972)

Nationstar Mtge., LLC v Persaud

2024 NY Slip Op 04972

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2023-06813
 (Index No. 700443/15)

[*1]Nationstar Mortgage, LLC, etc., appellant, 
v
Rudolph Persaud, et al., defendants; BH Urban Group, LLC, nonparty-respondent.

Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for appellant.
Stim & Warmuth, P.C., Farmingville, NY (Glenn P. Warmuth of counsel), for nonparty-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered June 21, 2023. The order, insofar as appealed from, granted those branches of the motion of nonparty BH Urban Group, LLC, which were to rescind its successful bid at a foreclosure sale and to direct a referee to return its down payment.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to foreclose a mortgage on certain real property located in South Ozone Park (hereinafter the property), which was owned by the defendant Rudolph Persaud. Persaud interposed an answer in which he asserted several counterclaims. On December 14, 2017, the Supreme Court entered an order and judgment of foreclosure and sale, inter alia, directing the sale of the property. Persaud died on May 4, 2020. On November 25, 2020, Persaud's wife was appointed the administrator of his estate.
Thereafter, the plaintiff successfully moved for an extension of time to conduct the foreclosure sale of the property and later served a notice of sale on Persaud although he was deceased. Persaud's wife was neither substituted in the action nor served with the relevant papers, including the notice of sale.
On May 12, 2022, nonparty BH Urban Group, LLC (hereinafter BH Urban), was the successful bidder at the foreclosure sale and, pursuant to the terms of sale, tendered the sum of $42,000 to a referee as a down payment for the purchase of the property. The terms of sale also provided that time was of the essence and that BH Urban's failure to timely close would result in the forfeiture of its down payment in the form of liquidated damages.
Prior to closing, BH Urban obtained a title report for the property which revealed that Persaud had died and an administrator of his estate had been appointed. The title report stated, "Foreclosure Action must be amended and all heirs of the Estate named and served." BH Urban did not close by the closing date, and the plaintiff determined that BH Urban was in default of the terms [*2]of sale and, thus, forfeited its down payment.
On September 29, 2022, BH Urban moved, inter alia, to rescind its successful bid at the foreclosure sale and to direct the referee to return its down payment. BH Urban argued that, based on the information in the title report, title to the property was unmarketable. The plaintiff opposed the motion. By order entered June 21, 2023, the Supreme Court, among other things, granted those branches of BH Urban's motion. The plaintiff appeals, and we affirm insofar as appealed from.
Generally, "the death of a party divests a court of jurisdiction to act, and automatically stays proceedings in the action pending the substitution of a personal representative for the decedent" (Nationstar Mtge., LLC v Azcona, 186 AD3d 614, 615 [internal quotation marks omitted]; see CitiMortgage, Inc. v Clement, 209 AD3d 971, 972; Deutsche Bank Natl. Trust Co. v Smith, 191 AD3d 950, 951). "Any determination rendered without such a substitution is ordinarily deemed a nullity" (CitiMortgage, Inc. v Clement, 209 AD3d at 972 [alteration and internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Smith, 191 AD3d at 951). However, in certain circumstances where "a party's death does not affect the merits of a case," such as where a borrower defaults in appearing after having been duly served with notice of a foreclosure action, "there is no need for strict adherence to the requirement that the proceedings be stayed pending substitution" (Nationstar Mtge., LLC v Azcona, 186 AD3d at 615-616; see Wells Fargo Bank, N.A. v Miglio, 197 AD3d 776, 777).
Here, Persaud answered the complaint and asserted counterclaims. As such, he was entitled to service of all papers in the action, including the notice of sale (see CPLR 2103; 38-12 Astoria Blvd., LLC v Ramos, 203 AD3d 790, 791). Persaud's death triggered a stay of all proceedings in the action pending substitution of a legal representative (see CitiMortgage, Inc. v Clement, 209 AD3d at 972; Deutsche Bank Natl. Trust Co. v Smith, 191 AD3d at 951). Following his death, Persaud's wife was appointed the administrator of his estate. Under these circumstances, contrary to the plaintiff's contention, Persaud's death affected the merits of this action, and any determinations made by the Supreme Court after his death were a nullity, including the order extending the time to hold the foreclosure sale and the foreclosure sale itself (see CitiMortgage, Inc. v Clement, 209 AD3d at 972; Deutsche Bank Natl. Trust Co. v Smith, 191 AD3d at 951).
A court "'may exercise its inherent equitable power over a sale made pursuant to its judgment or decree to ensure that it is not made the instrument of injustice'" (Nationstar Mtge., LLC v Crute, 187 AD3d 1028, 1029, quoting Guardian Loan Co. v Early, 47 NY2d 515, 520; see Board of Mgrs. of the 442 St. Marks Ave. Condominium v Milord, 212 AD3d 760, 762). "[M]arketability of title is concerned with impairments on title to a property, i.e., the right to unencumbered ownership and possession" (Voorheesville Rod & Gun Club v E.W. Tompkins Co., 82 NY2d 564, 571; see Golden Bridge, LLC v Rutland Dev. Group, Inc., 218 AD3d 658, 662). "As a general rule, a purchaser at a foreclosure sale is entitled to a good, marketable title" (Wells Fargo Bank, N.A. v Schepisi, 218 AD3d 829, 831 [internal quotation marks omitted]; see Golden Bridge, LLC v Rutland Dev. Group, Inc., 218 AD3d at 662). A purchaser at a judicial sale "'should not be compelled by the courts to accept a doubtful title,' and, 'if it was bad or doubtful, he [or she] should, on his [or her] application, be relieved from completing the purchase'" (SRP 2012-4, LLC v Darkwah, 198 AD3d 938, 940, quoting Toole v Toole, 112 NY 333, 335; see Golden Bridge, LLC v Rutland Dev. Group, Inc., 218 AD3d at 662). "A sale of land in the haste and confusion of an auction room is not governed by the strict rules applicable to formal contracts made with deliberation after ample opportunity to investigate and inquire" (Wells Fargo Bank, N.A. v Schepisi, 218 AD3d at 831 [alteration and internal quotation marks omitted]; see Board of Mgrs. of the 442 St. Marks Ave. Condominium v Milord, 212 AD3d at 763).
Here, because the foreclosure sale after Persaud's death was a nullity (see CitiMortgage, Inc. v Clement, 209 AD3d at 972), Persaud's estate retained its interest in the property even after BH Urban made a successful bid. "[A] judgment of foreclosure and sale does not divest the mortgagor of its title and interest in the property until the sale is actually conducted" (Ray v JP [*3]Morgan Chase Bank, N.A., 145 AD3d 812, 813 [internal quotation marks omitted]; see Perez v Mendicino, 225 AD3d 717, 720). Since Persaud's estate retained an interest in the property, title was not marketable (see Golden Bridge, LLC v Rutland Dev. Group, Inc., 218 AD3d at 662; SRP 2012-4, LLC v Darkwah, 198 AD3d at 940). As such, the Supreme Court providently exercised its equitable powers in granting those branches of BH Urban's motion which were to rescind its successful bid at the foreclosure sale and to direct the referee to return its down payment (see Golden Bridge, LLC v Rutland Dev. Group, Inc., 218 AD3d at 662-663; Wells Fargo Bank, N.A. v Schepisi, 218 AD3d at 830; Board of Mgrs. of 442 St. Marks Ave. Condominium v Milord, 212 AD3d at 762).
BH Urban's remaining contention need not be reached in light of our determination.
DILLON, J.P., BRATHWAITE NELSON, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court