Sorcigli v Lombardo (2025 NY Slip Op 02365)

Sorcigli v Lombardo

2025 NY Slip Op 02365

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2023-01761
 (Index No. 9338/15)

[*1]Francesca Sorcigli, appellant, et al., plaintiff,
v
Jovin C. Lombardo, etc., et al., defendants, Brooke Plaza Ambulatory Surgical Center, et al., respondents.

Rosenberg Minc Falkoff & Wolff, LLP, New York, NY (Brooke Balterman and Gary Silverstein of counsel), for appellant.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Elliott J. Zucker of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice, etc., the plaintiff Francesca Sorcigli appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated December 22, 2022. The order denied that plaintiff's motion to sever the action insofar as asserted against the defendant Alexander Nash or, in the alternative, to voluntarily discontinue the action insofar as asserted against that defendant, to amend the caption, and to restore the action to the court's calendar.
ORDERED that the order is affirmed, with costs.
In 2015, the plaintiff Francesca Sorcigli (hereinafter the injured plaintiff), and her husband suing derivatively, commenced this action, inter alia, to recover damages for medical malpractice against the defendant Alexander Nash, among others, alleging that the injured plaintiff sustained personal injuries while under the care of Nash, an anaesthesiologist who prepared the injured plaintiff for cataract surgery. Nash died in 2021, while the action was pending. In July 2022, the injured plaintiff moved to sever the action insofar as asserted against Nash or, in the alternative, to voluntarily discontinue the action insofar as asserted against Nash, to amend the caption, and to restore the action to the court's calendar. In an order dated December 22, 2022, the Supreme Court denied the injured plaintiff's motion. The injured plaintiff appeals.
"'The death of a party divests the court of jurisdiction and stays the proceedings until a proper substitution has been made pursuant to CPLR 1015(a). Moreover, any determination rendered without such substitution will generally be deemed a nullity'" (Hayden v Brown, 230 AD3d 657, 658, quoting Vapnersh v Tabak, 131 AD3d 472, 473). Here, Nash's death triggered a stay of all proceedings in the action pending substitution of a legal representative (see CitiMortgage, Inc. v Clement, 209 AD3d 971, 972). Neither the injured plaintiff nor any other party moved for substitution or dismissal pursuant to CPLR 1021. Contrary to the injured plaintiff's contention, CPLR 1015(b) does not apply where, as here, the medical malpractice claim against Nash did not survive to any of the remaining defendants (see CPLR 1015[b]; Neuman v Neumann, 85 AD3d 1138, [*2]1139). Accordingly, the Supreme Court properly denied the injured plaintiff's motion.
CHAMBERS, J.P., BRATHWAITE NELSON, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court