Pierre v King (2025 NY Slip Op 04028)

Pierre v King

2025 NY Slip Op 04028

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-06433
 (Index No. 520224/18)

[*1]Jaime D. Pierre, appellant, 
v
Delores King, etc., respondent, et al., defendants.

Cye E. Ross, New York, NY (Steven B. Sarshik of counsel), for appellant.

DECISION & ORDER
In an action for the partition and sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated April 13, 2023. The order, sua sponte, substituted Jared Pierre, as executor of the estate of the defendant Delores King, for the deceased defendant Delores King nunc pro tunc and granted the motion purportedly made on behalf of the deceased defendant Delores King, inter alia, pursuant to CPLR 3126.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, substituted Jared Pierre, as executor of the estate of the defendant Delores King, for the deceased defendant Delores King nunc pro tunc is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that so much of the order as, sua sponte, substituted Jared Pierre, as executor of the estate of the defendant Delores King, for the deceased defendant Delores King nunc pro tunc is vacated, without costs or disbursements; and it is further,
ORDERED that the appeal from so much of the order as granted the motion purportedly made on behalf of the deceased defendant Delores King, inter alia, pursuant to CPLR 3126 is dismissed, and that portion of the order is vacated, without costs or disbursements.
In 2018, the plaintiff commenced this action for the partition and sale of real property against, among others, the defendant Delores King (hereinafter the defendant). Thereafter, on March 1, 2021, the defendant died. Letters testamentary for the defendant were granted to Jared Pierre on August 6, 2021, but no substitution was made for the defendant in this action. On or about April 26, 2022, the former counsel for the defendant purportedly moved on the defendant's behalf, inter alia, pursuant to CPLR 3126. In an order dated April 13, 2023, the Supreme Court, sua sponte, substituted Jared Pierre, as executor of the defendant's estate, for the defendant nunc pro tunc and granted the motion purportedly made on the defendant's behalf. The plaintiff appeals.
"The death of a party divests the court of jurisdiction and stays the proceedings until a proper substitution has been made pursuant to CPLR 1015(a)" (CitiMortgage, Inc. v Clement, 209 AD3d 971, 972 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Smith, 191 AD3d 950, 951). "[A]ny determination rendered without such a substitution is generally deemed a nullity" (Deutsche Bank Natl. Trust Co. v Smith, 191 AD3d at 951 [internal quotation marks omitted]; see Stancu v Cheon Hyang Oh, 74 AD3d 1322, 1323). Further, "[t]he death of a party terminates the authority of the attorney for that person to act on his or her behalf" (Hyman v Booth Mem. Hosp., 306 AD2d 438, 438; see Constable v Staten Is. Univ. Hosp., 221 AD3d 952, 953).
"CPLR 1021 defines the procedural mechanisms for seeking a substitution of successor or representative parties, and for the dismissal of actions where substitutions are not timely sought" (Sokoloff v Schor, 176 AD3d 120, 134; see CPLR 1021). "A motion for substitution pursuant to CPLR 1021 is the method by which the court acquires jurisdiction over the deceased party's personal representative, and such a motion is not a mere technicality" (U & Me Homes, LLC v County of Suffolk, 169 AD3d 853, 855 [internal quotation marks omitted]; see Bossert v Ford Motor Co., 140 AD2d 480, 480).
The Supreme Court erred in, sua sponte, substituting Jared Pierre, as executor of the defendant's estate, for the defendant nunc pro tunc (see CPLR 1021; Bossert v Ford Motor Co., 140 AD2d at 480). Accordingly, we vacate so much of the order as, sua sponte, substituted Jared Pierre, as executor of the defendant's estate, for the defendant nunc pro tunc.
Moreover, as no substitution has been effected in accordance with the provisions of CPLR 1021 for the defendant since her death in March 2021, the defendant's former counsel lacked any authority thereafter to proceed on her behalf and the Supreme Court lacked jurisdiction to consider the motion purportedly made on her behalf (see Deutsche Bank Natl. Trust Co. v Smith, 191 AD3d at 951; U & Me Homes, LLC v County of Suffolk, 169 AD3d at 855; NYCTL 2004-A Trust v Archer, 131 AD3d 1213, 1214). Although the jurisdictional issue may be waived under special circumstances, such as where there has been active participation in the litigation by the personal representative who would have been substituted for the decedent under CPLR 1021, here, there was no active participation by Jared Pierre (see Griffin v Manning, 36 AD3d 530, 532; Silvagnoli v Consolidated Edison Empls. Mut. Aid Socy., 112 AD2d 819, 820; Hemphill v Rock, 87 AD2d 836, 836-837). Accordingly, the portion of the order that granted the motion purportedly made on the defendant's behalf is a nullity and must be vacated, and the appeal from that portion of the order must be dismissed (see Lewis v Kessler, 12 AD3d 421, 422).
MILLER, J.P., DOWLING, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court