■ RAD OIL CO., INC., Respondent, v PRIDE & GLORY, LTD., et al., Defendants, and FILL-UP PETROLEUM, INC., Appellant. [677 NYS2d 494] —In an action, *inter alia*, to recover damages for breach of contract, the defendant Fill-Up Petroleum, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Seidell, J.), entered September 5, 1997, as denied those branches of the motion of the defendants Pride & Glory, Ltd., Fill-Up Petroleum, Inc., Philip J. Dowell, Edwin Dowell, Gail Dowell formerly known as Gail Foley, and H. Linda Dowell which were for summary judgment dismissing the 10th through 15th causes of action insofar as asserted against it, and to vacate the notice of pendency.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly found that the plaintiff raised questions of fact which bar the granting of summary judgment to the appellant (*see, Zuckerman v New York City,* 49 NY2d 557). Copertino, J. P., Santucci, Goldstein and Luciano, JJ., concur.

■ RIDGEWOOD SAVINGS BANK, Respondent, v WILLIAM J. KLUENDER et al., Defendants and WILLIAM L. KLUENDER, Appellant. [677 NYS2d 494] —In an action to foreclose a mortgage on real property, William L. Kluender appeals from an order of the Supreme Court, Queens County (Milano, J.), dated July 10, 1997, which denied his motion to set aside the foreclosure sale of the subject property.

Ordered that the order is affirmed, with costs.

While this Court may exercise its equitable powers to set aside a judicial sale where fraud, collusion, mistake, or misconduct casts suspicion on the fairness of the sale (*see, Crossland Mtge. Corp. v Frankel,* 192 AD2d 571; *Long Is. Sav. Bank v Valiquette,* 183 AD2d 877), equitable intervention is not warranted on the facts presented here (*see, Guardian Loan Co. v Early,* 47 NY2d 515, 521; *Crossland Mtge. Corp. v Frankel, supra*). Accordingly, the Supreme Court properly denied the appellant's motion to vacate the foreclosure sale.

The appellant's remaining contentions are either without merit or do not require reversal. Rosenblatt, J. P., Ritter, Copertino and Florio, JJ., concur.