■ FLEET FINANCE, INC., Respondent, v TERRY GILLERSON et al., Defendants, S & K PROPERTIES, L. L. C., et al., Appellants, and EMPIRE MORTGAGE LIMITED PARTNERSHIP, Nonparty Respondent. [716 NYS2d 66] —In an action, *inter alia,* to foreclose a mortgage, the third-party bidders, S & K Properties, L. L. C., and David Ney, appeal from an order of the Supreme Court, Nassau County (Burke, J.), dated July 7, 1999, which (1) denied their motion to compel a Referee to convey title to the subject property and to determine that the Referee is responsible for paying outstanding real estate tax liens against the property from the proceeds of the sale, and (2) vacated the foreclosure sale conducted on October 8, 1998, and ordered a new sale of the real property.

Ordered that the order is affirmed, with costs.

The appellants were the successful bidders at a mortgage foreclosure sale of certain property located in Long Beach, held on October 8, 1998. The judgment of foreclosure dated December 2, 1994, contained, *inter alia,* two provisions, one of which required the Referee to pay all tax liens existing at the time of the sale from the proceeds of the sale, and another which provided that the premises be sold subject to the tax liens. RPAPL 1354 (2) was amended in 1997 to provide that in a foreclosure sale, the Referee must pay all outstanding taxes from the proceeds of the sale (*see,* L 1997, ch 232, § 1). The notice of sale stated only that the sale was subject to the terms of the judgment of foreclosure. There was evidence in the record that other bidders understood the sale to be conducted subject

to the taxes, and that prior to the sale the Referee's agent announced that the sale was subject to the tax liens. The appellants, however, deny that such an announcement was made, and, in reliance upon the current version of RPAPL 1354, they bid under the assumption that the Referee would pay the taxes from the proceeds of the sale.

Empire Mortgage Limited Partnership (hereinafter Empire) the plaintiff's assignee, argues that since the judgment preceded the amendment of the RPAPL 1354 (2), and the Referee announced the terms of the sale, the appellants must pay the outstanding taxes before they are entitled to conveyance of title to the premises. The Supreme Court, *inter alia,* vacated the sale, as a matter of equity, ordered a new sale, and required that the new notice of sale specifically provide that the Referee must pay the outstanding tax liens from the proceeds of the sale.

A court, in the exercise of its equitable powers, has the discretion to set aside a judicial sale where fraud, collusion, mistake, or misconduct casts suspicion on the fairness of the sale (*see, Guardian Loan Co. v Early,* 47 NY2d 515, 521; *Wayman v Zmyewski,* 218 AD2d 843; *cf., Ridgewood Sav. Bank v Kluender,* 253 AD2d 751; *McMorgan & Co. v Harbour Point Racquet & Yacht Club,* 234 AD2d 432). In light of the inconsistent provisions of the judgment of foreclosure, the change in the law, and other evidence that the parties had differing beliefs regarding the responsibility for paying outstanding tax liens, the Supreme Court providently exercised its discretion in setting aside the foreclosure sale and ordering a new sale. Krausman, J. P., Florio, Luciano and Schmidt, JJ., concur.