■  NYCTL-1 Trust et al., Respondents, v Liberty Bay Realty Corp., Appellant, et al., Defendants. American Pioneer Title Insurance Company, Intervenor-Respondent. [801 NYS2d 346]—

In an action to foreclose a tax lien, the defendant Liberty Bay Realty Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jones, J.), dated August 29, 2003, as denied its motion, inter alia, to vacate its default in appearing or answering the complaint and to set aside the judgment of foreclosure and the foreclosure sale.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court properly denied those branches of the motion of the defendant Liberty Bay Realty Corp. (hereinafter Liberty Bay) which were to vacate its default in appearing or answering the complaint and to set aside the judgment of foreclosure and the foreclosure sale. Liberty Bay was properly served with the summons and complaint by service on the Secretary of State (*see* CPLR 311 [a] [1]; Business Corporation Law § 306 [b] [1]). Contrary to Liberty Bay's contention, the plaintiffs were not required to serve an additional copy of the summons and complaint before obtaining a default judgment against it, since this is an action affecting title to real property (*see* CPLR 3215 [g] [4] [iii]; *FGB Realty Advisors v Norm-Rick Realty Corp.*, 227 AD2d 439, 440 [1996]). Furthermore, since Liberty Bay defaulted in appearing or answering the complaint, it was not entitled to service of additional papers in the action (*see* CPLR 2103 [e]; *Olympia Mtge. Corp. v Ramirez*, 9 AD3d 401 [2004]; *Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.*, 98 AD2d 400, 403 [1983]). The plaintiffs nevertheless served the order appointing a referee and the judgment of foreclosure upon Liberty Bay, in accordance with the Supreme Court's direction. As Liberty Bay failed to substantiate the claim that mail was undeliverable to the address of the subject property (*see* *Platonov v Sciabarra*, 305 AD2d 651 [2003]), mailings to that address were sufficient (*see* *Matter of 380 Front St. No. 20 Corp. v County of Dutchess*, 264 AD2d 739, 739-740 [1999]; *Cornwall Warehousing v Town of New Windsor*, 238 AD2d 370, 371 [1997]). Liberty Bay therefore failed to establish a reasonable excuse for its default (*see* CPLR 5015 [a]).

Liberty Bay's contention that the foreclosure sale was not commercially reasonable is without merit. The price paid for the property at the foreclosure sale was not so low as to shock the conscience of the court (*see Provident Sav. Bank v Bordes*, 244 AD2d 470 [1997]; *Long Is. Sav. Bank of Centereach v Jean Valiquette, M.D., P.C.*, 183 AD2d 877, 878 [1992]; *Harbert Offset Corp. v Bowery Sav. Bank*, 174 AD2d 650, 655 [1991]; *Polish Natl. Alliance of Brooklyn v White Eagle Hall Co., supra* at 406-410). Cozier, J.P., S. Miller, Mastro and Rivera, JJ., concur.