Paragon Fed. Credit Union v Skarla (2020 NY Slip Op 04751)





Paragon Fed. Credit Union v Skarla


2020 NY Slip Op 04751


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2015-00331
2015-04586
 (Index No. 10936/07)

[*1]Paragon Federal Credit Union, plaintiff,
v
Helen Skarla, respondent, et al., defendants; NPSFT, LLC, et al., intervenors-appellants-respondents, Eldridge Properties, Inc., nonparty-respondent-appellant. (Appeal No. 1)
Eldridge Properties, Inc., successor in interest to Paragon Federal Credit Union, plaintiff,
Helen Skarla, et al., defendants; NPSFT, LLC, et al., intervenors-appellants. (Appeal No. 2)


Butler, Fitzgerald, Fiveson & McCarthy, New York, NY (David K. Fiveson and Jennifer Marie Hall of counsel), for intervenors-appellants-respondents in Appeal No. 1 and intervenors-appellants in Appeal No. 2.
Steven David Fink, Forest Hills, NY, for nonparty-respondent-appellant in Appeal No. 1 and plaintiff in Appeal No. 2.
George M. Gavalas, P.C. (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for respondent in Appeal No. 1 and defendant Helen Skarla in Appeal No. 2.



DECISION & ORDER
In an action to foreclose a mortgage, (1) nonparty Eldridge Properties, Inc., appeals, and the intervenors-defendants, NPSFT, LLC, and NPSFT1, LLC, cross-appeal, from an order of the Supreme Court, Queens County (Sidney F. Strauss, J.), entered October 21, 2014, and (2) the intervenors-defendants, NPSFT, LLC, and NPSFT1, LLC, appeal from an ex parte order of the same court (Timothy J. Dufficy, J.), dated April 20, 2015. The order entered October 21, 2014, insofar as appealed and cross-appealed from, granted that branch of the motion of the defendant Helen Skarla which was to set aside a foreclosure sale held on May 3, 2013, and to vacate a referee's deed to nonparty Eldridge Properties, Inc., and deeds to the intervenors-defendants, NPSFT, LLC, and NPSFTI, LLC. In the ex parte order dated April 20, 2015, the Supreme Court declined to sign a proposed order to show cause.
ORDERED that the appeal from the ex parte order dated April 20, 2015, is dismissed, without costs or disbursements, as no appeal lies from an order issued ex parte (see CPLR 5701[a][2]; 5704; Tsionis v Eriora Corp., 123 AD3d 694); and it is further,
ORDERED that the order entered October 21, 2014, is affirmed insofar as appealed and cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Helen Skarla, payable by nonparty Eldridge Properties, Inc., and the intervenors-defendants, NPSFT, LLC, and NPSFT1, LLC, appearing separately and filing separate briefs.
On May 3, 2013, following the issuance of a judgment of foreclosure and sale entered upon the default of the defendant mortgagor Helen Skarla, a foreclosure sale of the two properties that were the subject of the mortgage was conducted. At the sale, the properties—a mixed-use building in Long Island City and a residence in Whitestone—were sold as one parcel to Eldridge Properties, Inc. (hereinafter Eldridge), an assignee of the original plaintiff, Paragon Federal Credit Union. On June 5, 2013, Eldridge sold the Long Island City property to the intervenor NPSFT, LLC, and sold the Whitestone property to the intervenor NPSFT1, LLC. By order entered October 21, 2014, the Supreme Court, inter alia, granted that branch of Skarla's motion which was to set aside the foreclosure sale and to vacate the referee's deed to Eldridge, and the subsequent deeds to NPSFT, LLC, and NPSFT1, LLC (hereinafter together NPSFT). Eldridge appeals, and NPSFT cross-appeals.
"A court, in the exercise of its equitable powers, has the discretion to set aside a judicial sale where fraud, collusion, mistake, or misconduct casts suspicion on the fairness of the sale" (Fleet Fin. v Gillerson, 277 AD2d 279, 280; see Guardian Loan Co. v Early, 47 NY2d 515, 521; JP Morgan Chase, N.A. v Rajendran, 141 AD3d 631, 632). Here, the Referee, in excess of his authority, altered the terms of the judgment of foreclosure and sale by selling the subject properties as one parcel (see Cicorelli v Hickey's Carting, Inc., 66 AD3d 626, 627). In light of this error, and under the circumstances of this case, we agree with the Supreme Court's determination to set aside the foreclosure sale and to vacate the resulting deeds (see JP Morgan Chase, N.A. v Rajendran, 141 AD3d at 632).
BALKIN, J.P., DUFFY, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court