SRP 2012-4, LLC v Darkwah (2021 NY Slip Op 05740)





SRP 2012-4, LLC v Darkwah


2021 NY Slip Op 05740


Decided on October 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-07629
 (Index No. 715559/16)

[*1]SRP 2012-4, LLC, appellant, 
v
Bobby P. Darkwah, etc., et al., defendants; Nasir Samdani, nonparty-respondent.


Richland & Falkowski, PLLC, Astoria, NY (Michal Falkowski and Daniel Richland of counsel), for appellant.
Rothkrug Rothkrug & Spector, LLP, Great Neck, NY (Simon H. Rothkrug of counsel), for nonparty-respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered June 27, 2019. The order, insofar as appealed from, granted those branches of the motion of nonparty Nasir Samdani which were to set aside a foreclosure sale held on April 26, 2019, and to direct the referee to return the down payment to nonparty Nasir Samdani.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In December 2016, the plaintiff commenced this action to foreclose a mortgage (hereinafter the subordinate mortgage), which secured a loan in the amount of $133,600, encumbering certain real property in Queens owned by the defendants Bobby P. Darkwah and Charlotte Boadu (hereinafter together the defendants). Another mortgage, senior to the subordinate mortgage (hereinafter the senior mortgage), securing a loan in the amount of $534,400, also encumbered the property. In February 2019, upon the default of the defendants, the Supreme Court entered a judgment of foreclosure and sale in favor of the plaintiff.
Thereafter, in April 2019, a foreclosure sale of the property was conducted. Nonparty Nasir Samdani was the successful bidder. Approximately two weeks after the foreclosure sale, Samdani moved to set aside the foreclosure sale on the ground that the plaintiff had failed to disclose that a senior mortgage encumbered the property, to vacate the judgment of foreclosure and sale pursuant to CPLR 5015(a), and to direct the referee to return the down payment to him. The plaintiff opposed Samdani's motion. In an order entered June 27, 2019, the Supreme Court, inter alia, granted those branches of Samdani's motion which were to set aside the foreclosure sale and direct the referee to return the down payment in the sum of $52,000. The plaintiff appeals.
Samdani's status as a nonparty did not preclude him from seeking relief in this action (see e.g. Cicorelli v Hikey's Carting, Inc., 66 AD3d 626). "[O]nly those persons whose rights have been injuriously affected are entitled to have a judicial sale set aside" (Hamilton v Hittleman, 224 [*2]AD 390, 390-391). Here, as the successful bidder at the foreclosure sale, Samdani had standing, as an interested person, to move to set aside the sale on the ground that, after the purchase, he discovered that the property was encumbered by a senior mortgage in the principal amount of $534,400.
Contrary to the plaintiff's contention, this Court's determination in U.S. Bank, N.A. v Qurachi (163 AD3d 888) does not control our determination here, as it is factually inapposite. There, the nonparty, a successful bidder at a foreclosure auction, who, on appeal, sought to set aside the foreclosure sale (see id. at 889), failed to seek leave to intervene in the action and "did not present any evidence of fraud, collusion, mistake, or misconduct in connection with the foreclosure sale that would warrant setting the sale aside" (id.). In contrast, here, Samdani sought leave to intervene before the Supreme Court and demonstrated that the plaintiff failed to disclose the existence of the senior mortgage encumbering the property before Samdani submitted his winning bid for the property.
The Supreme Court providently exercised its discretion in granting those branches of Samdani's motion which were to set aside the foreclosure sale and direct the referee to return his down payment. Generally, a court "'has the discretion to set aside a judicial sale where fraud, collusion, mistake, or misconduct casts suspicion on the fairness of the sale'" (Paragon Fed. Credit Union v Skarla, 186 AD3d 840, 841, quoting Fleet Fin. v Gillerson, 277 AD2d 279, 280). A court "may exercise its inherent equitable power over a sale made pursuant to its judgment or decree to ensure that it is not made the instrument of injustice" (Guardian Loan Co. v Early, 47 NY2d 515, 520). Here, neither the complaint, the judgment of foreclosure and sale, nor the terms of sale disclosed the existence of another mortgage encumbering the real property or that the mortgage at issue was subordinate to that senior mortgage. The failure to disclose, in any document readily available to prospective bidders at the foreclosure sale, a known encumbrance on the property constituted a mistake or misconduct that cast "'suspicion on the fairness of the sale'" (Paragon Fed. Credit Union v Skarla, 186 AD3d at 841, quoting Fleet Fin., Inc. v Gillerson, 277 AD2d at 280).
The plaintiff's contention that Samdani's belief that he purchased the foreclosed property free from encumbrances was the result of his unilateral mistake also is without merit, as the record shows that the plaintiff failed to disclose the existence of the senior mortgage in either the complaint, the judgment of foreclosure and sale, or the terms of sale (see e.g. Fleet Fin., Inc. v Gillerson, 277 AD2d at 280; Wayman v Zmyewski, 218 AD2d 843, 844). Likewise, the plaintiff's claim that Samdani failed to exercise due diligence is unavailing. "The rule that a buyer must protect himself against undisclosed defects does not apply in all strictness to a purchaser at a judicial sale" (Lane v Chantilly Corp., 251 NY 435, 438). "[A] sale of land in the haste and confusion of an auction room is not governed by the strict rules applicable to formal contracts made with deliberation after ample opportunity to investigate and inquire" (Sohns v Beavis, 200 NY 268, 271-272). There also is no merit to the plaintiff's contention that the undisclosed senior mortgage did not affect the marketability of the property (see Barrera v Chambers, 38 AD3d 699, 700). "[M]arketability of title is concerned with impairments on title to a property, i.e., the right to unencumbered ownership and possession" (Voorheesville Rod & Gun Club v E.W. Tompkins Co., 82 NY2d 564, 571 [emphasis added]). "As a general rule, a purchaser at a foreclosure sale is entitled to a good, marketable title" (Rose Dev. Corp. v Einhorn, 65 AD3d 1115, 1116 [internal quotation marks omitted]). "[A] purchaser at a judicial sale should not be compelled by the courts to accept a doubtful title," and, "if it was bad or doubtful, he should, on his application, be relieved from completing the purchase" (Toole v Toole, 112 NY 333, 335).
The parties' remaining contentions need not be reached in light of our determination.
Accordingly, we affirm the order insofar as appealed from.
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court