Golden Bridge, LLC v Rutland Dev. Group, Inc. (2023 NY Slip Op 03854)

Golden Bridge, LLC v Rutland Dev. Group, Inc.

2023 NY Slip Op 03854

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2020-05457
2020-07480
 (Index No. 505934/18)

[*1]Golden Bridge, LLC, etc., respondent,
v
Rutland Development Group, Inc., et al., defendants; 176 Brooklyn NYC DBYC, LLC, nonparty-appellant.

Stern & Stern, Brooklyn, NY (Pamela Smith of counsel), for nonparty-appellant.
Warren S. Dank, Esq., P.C., Syosset, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty 176 Brooklyn NYC DBYC, LLC, appeals from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated March 13, 2020, and (2) an order of the same court dated September 11, 2020. The order dated March 13, 2020, (a) denied the motion of nonparty 176 Brooklyn NYC DBYC, LLC, in effect, to vacate an order of the same court dated January 24, 2020, denying that nonparty's prior motion, in effect, to set aside a foreclosure sale held on February 21, 2019, and direct a referee to return its down payment, and granting the plaintiff's prior cross-motion, inter alia, to extend that nonparty's time to close on the subject property to the extent of extending the time to close on the subject property to 30 days after service of the order on that nonparty, and, upon vacating the order dated January 24, 2020, to stay the closing on the subject property, or, in the alternative, to set aside the foreclosure sale and direct the referee to return the down payment, and (b) granted the plaintiff's cross-motion to compel that nonparty to close on the subject property within seven days, or, in the alternative, to direct the referee to release the down payment to the plaintiff and re-auction the subject property to the extent of directing that nonparty to close on the subject property within 10 days of service of the order on that nonparty. The order dated September 11, 2020, insofar as appealed from, granted those branches of the plaintiff's motion which were to direct the referee to release the down payment to the plaintiff and re-auction the subject property, and denied the cross-motion of nonparty 176 Brooklyn NYC DBYC, LLC, for leave to reargue its prior motion, in effect, to vacate the order dated January 24, 2020, and thereupon, to stay the closing on the subject property, or, in the alternative, to set aside the foreclosure sale and direct the referee to return the down payment, and its opposition to the plaintiff's prior cross-motion to compel that nonparty to close on the subject property within seven days, or, in the alternative, to direct the referee to release the down payment to the plaintiff and re-auction the subject property.
ORDERED that the appeal from so much of the order dated September 11, 2020, as denied the cross-motion of nonparty 176 Brooklyn NYC DBYC, LLC, for leave to reargue its prior motion, in effect, to vacate the order dated January 24, 2020, and thereupon, to stay the closing on the subject property, or, in the alternative, to set aside the foreclosure sale and direct the referee to return the down payment, and its opposition to the plaintiff's prior cross-motion to compel that nonparty to close on the subject property within seven days, or, in the alternative, to direct the referee to release the down payment to the plaintiff and re-auction the subject property is dismissed, as no appeal lies from an order denying reargument (see Tarlo v 270 Fifth Street Corp., 201 AD3d 837, [*2]838); and it is further,
ORDERED that the order dated March 13, 2020, is reversed, on the law, the motion of nonparty 176 Brooklyn NYC DBYC, LLC, in effect, to vacate the order dated January 24, 2020, and thereupon, to stay the closing on the subject property, or, in the alternative, to set aside the foreclosure sale and direct the referee to return the down payment is granted to the extent of vacating the order dated January 24, 2020, setting aside the foreclosure sale, and directing the referee to return the down payment, and the plaintiff's cross-motion to compel that nonparty to close on the subject property within seven days, or, in the alternative, to direct the referee to release the down payment to the plaintiff and re-auction the subject property is denied; and it is further,
ORDERED that the order dated September 11, 2020, is reversed insofar as reviewed, on the law, and those branches of the plaintiff's motion which were to direct the referee to release the down payment to the plaintiff and re-auction the subject property are denied; and it is further,
ORDERED that one bill of costs is awarded to the nonparty-appellant.
On December 17, 2018, the Supreme Court entered an order and judgment of foreclosure and sale in favor of the plaintiff, Golden Bridge, LLC (hereinafter Golden Bridge), and against the defendant Rutland Development Group, Inc., among others. The order and judgment of foreclosure and sale, inter alia, confirmed a report of a referee and directed the sale of the subject property, which was composed of two lots.
At an auction held on February 21, 2019, nonparty 176 Brooklyn NYC DBYC, LLC (hereinafter 176 Brooklyn), agreed to purchase the subject property for $1,650,000. 176 Brooklyn tendered a certified check for $165,000, representing a 10% down payment on the subject property (hereinafter the down payment).
On March 25, 2019, Golden Bridge moved, inter alia, to direct the referee to release the down payment to Golden Bridge and to direct the referee to re-auction the subject property on the ground that 176 Brooklyn had failed to close on the transaction within 30 days of the auction. In opposition to the motion, 176 Brooklyn argued that it was not in default because the subject property was not marketable. One of the lots was the subject of a separate quiet title action, Alleyne v Rutland Dev. Group, Inc. (Kings County Index No. 505513/19), which was commenced approximately three weeks after the foreclosure sale occurred. A notice of pendency had been filed with respect to that lot. In an order dated July 1, 2019, the Supreme Court, among other things, denied those branches of Golden Bridge's motion, determining that the quiet title action rendered title to the subject property unmarketable.
On September 23, 2019, 176 Brooklyn moved, in effect, to set aside the foreclosure sale and direct the referee to return the down payment. While that motion was pending, the Supreme Court issued an order in the quiet title action, granting Golden Bridge's motion to dismiss the complaint insofar as asserted against it. Golden Bridge then cross-moved in this action to extend 176 Brooklyn's time to close on the subject property, or, in the alternative, to grant the referee the authority to re-auction the subject property. In opposition to the cross-motion, 176 Brooklyn submitted a copy of a notice of appeal of Maria Alleyne, the plaintiff in the quiet title action, from the order directing dismissal of the complaint insofar as asserted against Golden Bridge in that action. In an order dated January 24, 2020, the court denied 176 Brooklyn's motion, in effect, to set aside the foreclosure sale and direct the referee to return the down payment, and granted Golden Bridge's cross-motion to the extent of extending the time to close on the subject property to 30 days after service of the order on 176 Brooklyn.
On February 24, 2020, 176 Brooklyn moved, in effect, to vacate the order dated January 24, 2020, and thereupon, to stay the closing on the subject property until the quiet title action was concluded, or, in the alternative, to set aside the foreclosure sale and direct the referee to return the down payment. Golden Bridge cross-moved to compel 176 Brooklyn to close on the subject property within seven days, or, in the alternative, to direct the referee to release the down payment to Golden Bridge and re-auction the subject property. In an order dated March 13, 2020, the Supreme Court denied 176 Brooklyn's motion, and granted Golden Bridge's cross-motion to the extent of directing that the closing on the subject property take place within 10 days of the service [*3]of the order on 176 Brooklyn.
On June 24, 2020, Golden Bridge moved, inter alia, to direct the referee to release the down payment to Golden Bridge and re-auction the subject property. 176 Brooklyn cross-moved for leave to reargue its prior motion, in effect, to vacate the order dated January 24, 2020, and thereupon, to stay the closing on the subject property until the quiet title action was concluded, or, in the alternative, to set aside the foreclosure sale and direct the referee to return the down payment, and its opposition to Golden Bridge's cross-motion to compel 176 Brooklyn to close on the subject property within seven days, or, in the alternative, to direct the referee to release the down payment to Golden Bridge and re-auction the subject property. In an order dated September 11, 2020, the Supreme Court granted those branches of Golden Bridge's motion which were to direct the referee to release the down payment to Golden Bridge and re-auction the subject property, and denied 176 Brooklyn's cross-motion.
In a decision and order dated February 22, 2023, this Court reversed the order of the Supreme Court directing dismissal of the complaint insofar as asserted against Golden Bridge in the quiet title action, determining that Golden Bridge failed to utterly refute Alleyne's allegations that the deed and other relevant documents were forged (see Alleyne v Rutland Dev. Group, Inc., 213 AD3d 887).
176 Brooklyn appeals from the order dated March 13, 2020, and the order dated September 11, 2020. We reverse the order dated March 13, 2020, and we reverse so much of the order dated September 11, 2020, as granted those branches of the plaintiff's motion which were to direct the referee to release the down payment to the plaintiff and re-auction the subject property.
Generally, a court "has the discretion to set aside a judicial sale where fraud, collusion, mistake, or misconduct casts suspicion on the fairness of the sale" (SRP 2012-4, LLC v Darkwah, 198 AD3d 938, 939 [internal quotation marks omitted]). A court "may exercise its inherent equitable power over a sale made pursuant to its judgment or decree to ensure that it is not made the instrument of injustice" (Guardian Loan Co. v Early, 47 NY2d 515, 520). "[M]arketability of title is concerned with impairments on title to a property, i.e., the right to unencumbered ownership and possession" (Voorheesville Rod & Gun Club v E.W. Tompkins Co., 82 NY2d 564, 571). "As a general rule, a purchaser at a foreclosure sale is entitled to a good, marketable title" (Rose Dev. Corp. v Einhorn, 65 AD3d 1115, 1116 [internal quotation marks omitted]). "'[A] purchaser at a judicial sale should not be compelled by the courts to accept a doubtful title,' and, 'if it was bad or doubtful, he [or she] should, on his [or her] application, be relieved from completing the purchase'" (SRP 2012-4, LLC v Darkwah, 198 AD3d at 940, quoting Toole v Toole, 112 NY 333, 335).
Moreover, "[t]he rule that a buyer must protect himself [or herself] against undisclosed defects does not apply in all strictness to a purchaser at a judicial sale" (Lane v Chantilly Corp., 251 NY 435, 438; see SRP 2012-4, LLC v Darkwah, 198 AD3d at 940). "[A] sale of land in the haste and confusion of an auction room is not governed by the strict rules applicable to formal contracts made with deliberation after ample opportunity to investigate and inquire" (Sohns v Beavis, 200 NY 268, 271-272; see SRP 2012-4, LLC v Darkwah, 198 AD3d at 940).
Here, the continuing quiet title litigation involves allegations that the deed to one of the lots comprising the subject property was procured by forgery. This litigation casts suspicion on the fairness of the sale of the property to 176 Brooklyn, and therefore 176 Brooklyn "should not be compelled by the courts to accept a doubtful title" (SRP 2012-4, LLC v Darkwah, 198 AD3d at 940 [internal quotation marks omitted]; cf. Argent Mortgage Co., LLC v Leveau, 46 AD3d 727, 727-728).
Accordingly, the Supreme Court should have granted 176 Brooklyn's February 24, 2020 motion to the extent of vacating the order dated January 24, 2020, setting aside the foreclosure sale, and directing the referee to return the down payment.
In light of our determination, we need not reach the remaining contentions of Golden Bridge and 176 Brooklyn.
BARROS, J.P., CHAMBERS, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court