Wells Fargo Bank, N.A. v Schepisi (2023 NY Slip Op 03943)

Wells Fargo Bank, N.A. v Schepisi

2023 NY Slip Op 03943

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2019-14177
 (Index No. 69089/15)

[*1]Wells Fargo Bank, N.A., respondent,
v
Joseph Schepisi, et al., defendants; Romina Rugova, et al., nonparty-appellants.

Clair Gjertsen & Weathers PLLC, White Plains, NY (Mary Aufrecht of counsel), for nonparty-appellants.
Frenkel Lambert Weiss Weisman & Gordon, LLP (Reed Smith, LLP, New York, NY [Kerren B. Zinner and Yimmell Suarez], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparties Romina Rugova and Mucjon Demiraj appeal from an order of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated November 26, 2019. The order, insofar as appealed from, denied those branches of the motion of those nonparties which were to set aside a foreclosure sale held on October 15, 2018, to direct the referee to return a down payment in the sum of $30,000 to nonparty Romina Rugova, and to impose a lien upon the subject property.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provisions thereof denying those branches of the motion of nonparties Romina Rugova and Mucjon Demiraj which were to set aside a foreclosure sale held on October 15, 2018, and to direct the referee to return the down payment in the sum of $30,000 to nonparty Romina Rugova, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to nonparties Romina Rugova and Mucjon Demiraj.
In September 2015, the plaintiff commenced this action to foreclose a mortgage (hereinafter the subordinate mortgage), which secured a loan in the amount of $245,000, encumbering certain real property located in Yonkers (hereinafter the subject property), which was owned by the defendants Mary Schepsi and Joseph Schepsi (hereinafter together the defendants). Another mortgage, senior to the subordinate mortgage (hereinafter the senior mortgage), securing a loan in the amount of $150,000, also encumbered the subject property. In March 2018, upon the default of the defendants, the Supreme Court entered a judgment of foreclosure and sale in favor of the plaintiff.
Thereafter, on October 15, 2018, a referee held a foreclosure sale of the subject property. Nonparty Romina Rugova was the successful bidder, and she tendered the sum of $30,000 to the referee as a down payment for the purchase of the subject property.
Prior to closing, Rugova and nonparty Mucjon Demiraj (hereinafter together the [*2]nonparties) obtained a title report for the subject property, which noted the existence of the senior mortgage. The nonparties were previously unaware of the senior mortgage.
The nonparties subsequently moved, inter alia, to set aside the foreclosure sale on the ground that the plaintiff had failed to disclose that the senior mortgage encumbered the subject property, to direct the referee to return Rugova's down payment, and for a lien upon the subject property in the amount of the cost of repairs that the nonparties allegedly expended on the subject property. The plaintiff opposed the motion. In an order dated November 26, 2019, the Supreme Court, among other things, denied those branches of the nonparties' motion. The nonparties appeal.
Generally, a court "'has the discretion to set aside a judicial sale where fraud, collusion, mistake, or misconduct casts suspicion on the fairness of the sale'" (SRP 2012-4, LLC v Darkwah, 198 AD3d 939-940, quoting Paragon Fed. Credit Union v Skarla, 186 AD3d 840, 841 [internal quotation marks omitted]; see Fleet Fin. v Gillerson, 277 AD2d 279-280). A court "may exercise its inherent equitable power over a sale made pursuant to its judgment or decree to ensure that it is not made the instrument of injustice" (Guardian Loan Co. v Early, 47 NY2d 515, 520). Here, contrary to the plaintiff's contention, neither the complaint, the judgment of foreclosure and sale, nor the terms of sale affirmatively disclosed the existence of another mortgage encumbering the subject property or that the mortgage at issue was subordinate to the senior mortgage. The failure to disclose, in any document readily available to prospective bidders at the foreclosure sale, a known encumbrance on the property constituted a mistake or misconduct that cast "'suspicion on the fairness of the sale'" (SRP 2012-4, LLC v Darkwah, 198 AD3d at 939, quoting Paragon Fed. Credit Union v Skarla, 186 AD3d at 841 [internal quotation marks omitted]; see Fleet Fin. v Gillerson, 277 AD2d at 280).
The plaintiff's contention that the nonparties failed to exercise due diligence is unavailing. "The rule that a buyer must protect himself [or herself] against undisclosed defects does not apply in all strictness to a purchaser at a judicial sale" (Lane v Chantilly Corp., 251 NY3d 435, 438). "'[A] sale of land in the haste and confusion of an auction room is not governed by the strict rules applicable to formal contracts made with deliberation after ample opportunity to investigate and inquire'" (SRP 2012-4, LLC v Darkwah, 198 AD3d at 940, quoting Sohns v Beavis, 200 NY 268, 271-272). "'As a general rule, a purchaser at a foreclosure sale is entitled to a good, marketable title'" (SRP 2012-4, LLC v Darkwah, 198 AD3d at 940, quoting Rose Dev. Corp. v Einhorn, 65 AD3d 1115, 1116). "'[A] purchaser at a judicial sale should not be compelled by the courts to accept a doubtful title,'" and "'if it was bad or doubtful, he [or she] should, on his [or her] application, be relieved from completing the purchase'" (SRP 2012-4, LLC v Darkwah, 198 AD3d at 940, quoting Toole v Toole, 112 NY3d 333, 335). Accordingly, since the plaintiff failed to disclose the existence of the senior mortgage at the time of sale, or otherwise, the Supreme Court improvidently exercised its discretion in denying those branches of the nonparties' motion which were to set aside the foreclosure sale and to direct the referee to return Rugova's down payment.
However, the record does not contain evidence that the parties agreed, expressly or impliedly, that the subject property was to be "held, given or transferred as security" in exchange for the repairs the nonparties made to the subject property prior to taking title, which the nonparties undertook without permission (Liselli v Liselli, 263 AD2d 468, 469 [internal quotation marks omitted]). Thus, that branch of the nonparties' motion which was to impose a lien on the subject property in the amount of the alleged cost of those repairs was properly denied (see id. at 469; see James v Alderton Dock Yards, 256 NY 198, 303).
The nonparties' remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court