White Oak Projects, LLC v Upreal Wash., LLC (2024 NY Slip Op 00648)

White Oak Projects, LLC v Upreal Wash., LLC

2024 NY Slip Op 00648

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2021-04154
 (Index No. 524175/18)

[*1]White Oak Projects, LLC, respondent,
v
Upreal Washington, LLC, et al., defendants; 658 Washington 123, LLC, nonparty-appellant.

Altman Schochet LLP, New York, NY (Irena Shternfeld of counsel), for nonparty-appellant.
Seyfarth Shaw LLP, New York, NY (Jerry A. Montag of counsel), for respondent.

DECISION & ORDER
In an action to foreclose several mortgages, nonparty 658 Washington 123, LLC, appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated May 4, 2021. The order, insofar as appealed from, denied that branch of the motion of nonparty 658 Washington 123, LLC, which was to vacate a foreclosure sale of the subject property and direct the referee to return a down payment to that nonparty.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In December 2018, the plaintiff commenced this action to foreclose several mortgages on a mixed-use building, and the Supreme Court issued a judgment of foreclosure and sale dated December 17, 2019. The judgment of foreclosure and sale provided that pursuant to RPAPL 1354, the referee was to pay from the proceeds of the sale "taxes, assessments, sewer rents, water rates and any charges placed upon the property by a city agency which have priority over the foreclosed Notes and Mortgages, which are liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment." On January 30, 2020, a referee held a foreclosure sale of the subject property. Nonparty 658 Washington 123, LLC (hereinafter the appellant), was the successful bidder and tendered the sum of $160,000 as a down payment for the purchase of the property.
In April 2021, after the appellant failed to close, the appellant moved, inter alia, to vacate the foreclosure sale and direct the referee to return the down payment, on the ground that the terms of sale executed by the referee at the time of the sale improperly required the appellant to pay certain emergency repair charges that, pursuant to the judgment of foreclosure and sale, were payable from the proceeds of the sale. The Supreme Court denied that branch of the appellant's motion. We affirm.
"A referee lacks the authority to alter the terms of a judgment of foreclosure" (Cicorelli v Hickey's Carting, Inc., 66 AD3d 626, 627; see Paragon Fed. Credit Union v Skarla, 186 AD3d 840, 842). Here, the emergency repair charges were not liens against the property at the time of the sale, and contrary to the appellant's contention, the referee was not permitted to pay them out [*2]of the proceeds of the sale. Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the appellant's motion which was to vacate the foreclosure sale and direct the referee to return the down payment.
The appellant's remaining contentions are without merit.
MALTESE, J.P., CHRISTOPHER, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court