Wells Fargo Bank, N.A. v Laporte (2025 NY Slip Op 01006)

Wells Fargo Bank, N.A. v Laporte

2025 NY Slip Op 01006

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2020-03852
 (Index No. 700547/13)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Jude Laporte, appellant, et al., defendants.

Law Office of Richard B. Zarco, P.C., New York, NY, for appellant.
Houser LLP, New York, NY (Kathleen M. Massimo and David S. Yohay of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendant Jude Laporte appeals from an order of the Supreme Court, Queens County (Mojgan C. Lancman, J.), entered March 4, 2020. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 5015(a)(1) and (4) to vacate an order of the same court (Darrell L. Gavrin, J.) dated March 15, 2018, among other things, restoring the action to the active calendar, and pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred.
ORDERED that the order entered March 4, 2020, is affirmed insofar as appealed from, with costs.
In February 2013, the plaintiff commenced this action against the defendant Jude Laporte (hereinafter the defendant), among others, inter alia, to foreclose a consolidated mortgage encumbering certain property located in Queens Village. The defendant failed to appear or answer the complaint. The plaintiff subsequently discontinued the action by filing a notice of voluntary discontinuance (see CPLR 3217). In November 2017, the plaintiff moved, among other things, in effect, to vacate the discontinuance and to restore the action to the active calendar. By order dated March 15, 2018, the Supreme Court granted the plaintiff's motion without opposition.
In September 2019, the defendant moved, inter alia, pursuant to CPLR 5015(a)(1) and (4) to vacate the order dated March 15, 2018, and pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred. The defendant contended, among other things, that the Supreme Court should not have entertained the plaintiff's motion, inter alia, in effect, to vacate the discontinuance and to restore the action to the active calendar because the plaintiff failed to properly serve him with the motion papers. By order entered March 4, 2020, the court denied the defendant's motion. The defendant appeals.
The Supreme Court properly denied those branches of the defendant's motion which were pursuant to CPLR 5015(a)(1) and (4) to vacate the order dated March 15, 2018. "[W]ith limited exception, CPLR 2103(e) requires that '[e]ach paper served on any party shall be served on every other party who has appeared'" (21st Mtge. Corp. v Raghu, 197 AD3d 1212, 1216; see NYCTL-1 Trust v Liberty Bay Realty Corp., 21 AD3d 1013, 1014). "[A] defendant that fails to [*2]appear in the action within the meaning of CPLR 320(a), without more, is 'not entitled to service of additional papers in the action'" (21st Mtge. Corp. v Raghu, 197 AD3d at 1216-1217, quoting NYCTL-1 Trust v Liberty Bay Realty Corp., 21 AD3d at 1014). Here, the defendant failed to appear or answer the complaint, and therefore, was not entitled to service of the plaintiff's motion, inter alia, in effect, to vacate the discontinuance and to restore the action to the active calendar (see NYCTL-1 Trust v Liberty Bay Realty Corp., 21 AD3d at 1014; Olympia Mtge. Corp. v Ramirez, 9 AD3d 401). Moreover, there was no basis to vacate the March 15, 2018 order pursuant to CPLR 5015(a)(1) on the ground of an excusable default, as the defendant did not demonstrate a reasonable excuse for his default in opposing the plaintiff's motion (see Deutsche Bank Natl. Trust Co. v Quinn, 186 AD3d 561, 562).
The Supreme Court also properly denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred. A defendant in default is not entitled to affirmative relief of a nonjurisdictional nature absent vacatur of his or her default (see Wilmington Trust, N.A. v Ashe, 189 AD3d 1130, 1132; Bank of N.Y. Mellon v Lawson, 176 AD3d 1155, 1157). Here, the defendant did not seek to vacate his default in failing to appear or answer the complaint (see Bank of N.Y. Mellon v Lawson, 176 AD3d at 1157).
The parties' remaining contentions either are not properly before this Court or need not be reached in light of our determination.
DILLON, J.P., WARHIT, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court