Deutsche Bank Natl. Trust Co. v Kornblum (2025 NY Slip Op 03995)

Deutsche Bank Natl. Trust Co. v Kornblum

2025 NY Slip Op 03995

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-07738
 (Index No. 8199/15)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Andrew Kornblum, et al., defendants; A & J Dade, Inc., nonparty-appellant.

Petroff Amshen LLP, Brooklyn, NY (Steven Amshen and James Tierney of counsel), for nonparty-appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista and Jason Creech of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty A & J Dade, Inc., appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered May 8, 2023. The order, insofar as appealed from, denied the cross-motion of nonparty A & J Dade, Inc., pursuant to CPLR 5015(a)(4) to vacate, inter alia, an order and judgment of foreclosure and sale (one paper) of the same court (Thomas A. Adams, J.) dated October 8, 2019, and pursuant to CPLR 3215(c) to dismiss the complaint as abandoned.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In September 2015, the plaintiff commenced this action against, among others, the defendants Andrew Kornblum and Maria Kornblum (hereinafter together the defendants) to foreclose a consolidated mortgage encumbering certain real property located in Massapequa Park. The Kornblums failed to appear or answer the complaint. In April 2016, the defendants deeded the property to 255 Harbor Lane Corp. In November 2016, 255 Harbor Lane Corp. deeded the property to A & J Dade, Inc. (hereinafter A & J Dade).
In or around February 2019, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendants and for an order of reference. By order dated March 19, 2019, the Supreme Court granted the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff. Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale dated October 9, 2019, the court, among other things, granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the property.
In December 2022, the plaintiff moved for an extension of time to conduct the foreclosure sale. A & J Dade opposed the motion and, without seeking leave to intervene, cross-moved pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale and all prior orders in the action and pursuant to CPLR 3215(c) to dismiss the complaint as abandoned. The plaintiff opposed the cross-motion. By order entered May 8, 2023, the Supreme Court granted the plaintiff's motion and denied A & J Dade's cross-motion. A & J Dade appeals from so much of the order as denied its cross-motion.
In the context of an action to foreclose a mortgage, a defendant that appears in the action is "entitled to service of all papers in the action, including the report of the Referee, the judgment of foreclosure and sale and the notice of sale" (Pol-Tek Indus. v Panzarella, 227 AD2d 992, 992; see 21st Mtge. Corp. v Raghu, 197 AD3d 1212). By contrast, however, a defendant that fails to appear in the action within the meaning of CPLR 320(a), without more, is "not entitled to service of additional papers in the action" (NYCTL-1 Trust v Liberty Bay Realty Corp., 21 AD3d 1013, 1014; see CPLR 2103[e]).
Here, A & J Dade was not a named defendant in the action, having acquired title to the property in November 2016, more than one year after this action was commenced, and, having failed to otherwise appear in the action within the meaning of CPLR 320(a), was not entitled to service of additional papers, including the plaintiff's motions, inter alia, for leave to enter a default judgment and for a judgment of foreclosure and sale. Contrary to A & J Dade's contention, under these circumstances, the plaintiff's failure to serve it with notice of prior motions in the action did not deprive the Supreme Court of jurisdiction to enter the order and judgment of foreclosure and sale, or warrant vacatur pursuant to CPLR 5015(a) (see generally id. § 3215[g][1]; 21st Mtge. Corp. v Raghu, 197 AD3d 1212).
Additionally, A & J Dade was not entitled to the affirmative relief sought in its cross-motion because it never moved for leave to intervene in the action (see Bank of Am., N.A. v Moore, 224 AD3d 727, 728; U.S. Bank, N.A., v Qurachi, 163 AD3d 888, 889; NYCTL 1996-1 Trust v King, 304 AD2d 629, 631; cf. SRP 2012-4, LLC v Darkwah, 198 AD3d 938, 939).
Accordingly, the Supreme Court properly denied A & J Dade's cross-motion to vacate, inter alia, the order and judgment of foreclosure and sale and pursuant to CPLR 3215(c) to dismiss the complaint as abandoned.
CONNOLLY, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court